Leonard D. Messinger (State Bar No. 86,427)
Michael D. Eisenberg (State Bar No. 235,252)
**FULWIDER PATTON, LLP**
6060 Center Drive, Tenth Floor
Los Angeles, California 90045
Telephone: (310) 824-5555
Facsimile: (310) 824-9696
Attorneys for Plaintiff
Sierra Nevada Brewing Co.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SIERRA NEVADA BREWING CO.**, a California corporation, | Case No. |
| Plaintiff, | **COMPLAINT FOR TRADEMARK INFRINGEMENT, VIOLATION OF LANHAM ACT § 43(A), UNFAIR COMPETITION, AND TRADEMARK DILUTION** |
| v. | |
| **MILLER BREWING COMPANY,** a Wisconsin corporation, | |
| Defendant. | |

107253.1

1

Plaintiff  SIERRA NEVADA BREWING CO.,  (hereinafter "Plaintiff"), alleges as follows:

## JURISDICTION

1.    This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1331,  and 28 U.S.C. § 1338(a), because this controversy arises under Chapter 22 of Title 15 of the United States Code and involves claims for infringement of a federally registered trademark and violations of 15 U.S.C. § 1125(a).  Subject matter jurisdiction is also vested in this Court by 28 U.S.C. § 1338 (b), because it involves claims under federal trademark laws, and related claims of unfair competition.  This Court also has subject matter jurisdiction over Plaintiff's First, Third, and Fourth claims under principles of supplemental jurisdiction, 28 U.S.C. §1367.

2.    This Court also has subject matter jurisdiction under 28 U.S.C. §1332, because this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states.


## THE PARTIES

3.    Plaintiff is a corporation organized and existing under the laws of the State of California, having a principal office at Chico, California.

4.    Plaintiff is informed and believes, and therefore alleges that

Defendant  Miller Brewing Company.  is a Wisconsin corporation registered as a

foreign corporation in the State of California, doing business in California and

within this judicial district, has an office in this judicial district, and is advertising

and selling substantial quantities of its goods within California and within this

judicial district.

### FACTS

5.    For many years prior to the acts complained of in this complaint,

Plaintiff has been involved in the brewing and distribution of beer and ale

beverages.

6.    Since at least as early as 1981, Plaintiff adopted and commenced use

of  the trademark **CELEBRATION** ("the Trademark") for ale.  Beginning many

years prior to Defendant's wrongful acts alleged in this complaint, Plaintiff has

used the Trademark in interstate commerce, including in California, in connection

with ale, and in the advertising, marketing, and sale of ale. The Trademark is

distinctive, and, as a result of such advertising, marketing, promotion, sale and

use, the Trademark has become well known and associated with Plaintiff as the

exclusive source of beer and ale bearing or sold under the Trademark,  in the minds

of potential and actual purchasers and consumers of beer and ale.

7.    Plaintiff is the owner of United States Trademark registration No. 2,123,944, issued on December 23, 1997 for the trademark **CELEBRATION®** for ale. That trademark registration has become incontestable under 15 U.S.C. §1065. A true and accurate copy of that registration is attached to this Complaint as Exhibit A.

8.    Plaintiff's **CELEBRATION** brand ale is considered a high alcohol content premium beer, and is a seasonal product, which has been promoted and distributed by Plaintiff in or about each fall and winter for over twenty (20) years.

9.    Since prior to Defendant's wrongful activities described in this complaint, Plaintiff has expended significant money, time and effort in advertising, marketing, distributing and promoting its **CELEBRATION** brand ale, in California and in interstate commerce.

10.    Plaintiff and its beverages, including Plaintiff's **CELEBRATION** brand ale is known and familiar to the brewing industry in the United States. Plaintiff is informed and believes and therefore alleges, that prior to the fall of 2005, Defendant was aware of the existence of Plaintiff's **CELEBRATION** ale, and of Plaintiff's use of the trademark **CELEBRATION** for ale in interstate commerce in the United States.

11.    In or about November 2005, Plaintiff learned, for the first time that, despite Defendant's prior knowledge of Plaintiff's use of its **CELEBRATION**

trademark for ale, Defendant, without Plaintiff's authorization or consent, had

begun advertising, marketing and/or distributing in interstate commerce, including

on information and belief, to California, a premium, high alcohol content beer,

under the mark "1855 Celebration", as a seasonal fall/winter beer beverage.

12.    Defendant is promoting and advertising throughout the United States

and in California, its infringing "1855 Celebration" brand beer, as demonstrated by

an Internet press release, a copy of which is attached to this complaint as Exhibit

B, which Plaintiff is informed and believes was issued on behalf of, at the direction

of or by Defendant. Defendant's "1855 Celebration" mark is confusingly similar to

Plaintiff's incontestable federally registered **CELEBRATION** trademark**.**

### FIRST CLAIM
(Infringement of Federally Registered
and Common Law Trademark)

13.    Plaintiff repeats, and incorporates by this reference, the allegations of

Paragraphs 3-12 of this Complaint.

14.    This claim is for infringement of a federally registered and common

law trademark. This Court has subject matter jurisdiction over this claim pursuant

to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), in that it arises under

Chapter 22 of Title 15 of the United States Code, because it involves violations of

Plaintiff's exclusive right to use its registered trademark in interstate commerce

under 15 U.S.C. § 1114. This Court also has subject matter jurisdiction, with

respect to Defendant's common law trademark infringement, under 28 U.S.C. §1338(b) and under the principle of supplemental jurisdiction, 28 U.S.C. §1367. Additionally, this Court also has subject matter jurisdiction under 28 U.S.C. §1332, because this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states.

15.    Defendant has knowingly, deliberately, willfully and intentionally engaged in, and is engaging in the marketing, offering for sale, sale, and/or distribution in interstate commerce, and within California, of beer under and in packaging and containers bearing a mark which infringes Plaintiff's rights in its federally registered and common law trademark, **CELEBRATION**.

16.    Defendant has knowingly, deliberately, willfully and intentionally used, in California and in interstate commerce, a mark which infringes Plaintiff's **CELEBRATION** trademark.  Defendant's infringement of the Trademark is likely to cause the public to believe, contrary to fact, that Defendant's goods are manufactured by or for, emanate from, are authorized or licensed by, or were otherwise sponsored by or associated with Plaintiff, or that Plaintiff's **CELEBRATION** brand beverage is sponsored by or associated with Defendant.

17.    Defendant's infringement of Plaintiff's **CELEBRATION** trademark violates Plaintiff's rights under the Lanham Act,  including 15 U.S.C. § 1114 and

§ 1115, and under common law.  As a result of Defendant's trademark infringement, Plaintiff has been and will continue to be damaged in an amount which is not yet known.  Defendant has also been unjustly enriched, and will continue to unjustly enrich itself, and illegally profit from such infringement. Plaintiff is informed and believes, and therefore alleges, that as a further direct and proximate result of Defendant's above described wrongful acts, Defendant intentionally, knowingly, deliberately and unlawfully is diverting and/or will divert business from Plaintiff, and on information and belief is deriving  and/or will derive income and profits from its unlawful acts, and has been and will be unjustly enriched in an amount which cannot be determined without an accounting.

18.    Plaintiff is informed and believes and therefore alleges Defendant knew of Plaintiff's prior use of the Trademark before Defendant advertised, marketed and/or sold its beer using the above described infringing trademark. Defendant has therefore willfully, knowingly, intentionally and deliberately infringed, and/or is infringing, Plaintiff's rights in the Trademark,  for commercial purposes and personal gain.

19.    Defendant's above described acts of trademark infringement have left Plaintiff with no adequate remedy at law, and have caused, and will continue to cause Plaintiff irreparable damage unless enjoined by this Court.

20.     Plaintiff is informed and believes that Defendant's above described actions were, and/or are, being committed with willful and conscious disregard for Plaintiff's rights in its Trademark, and with the knowledge that such acts would cause, and/or were committed with the intention of causing, injury to Plaintiff's **CELEBRATION** trademark and Plaintiff's business, and to the goodwill therein. Plaintiff is further informed and believes that Defendant's above described acts were committed to deprive Plaintiff of the benefits of its Trademark, and the goodwill associated with the Trademark.  As a result of Defendant's above described willful and intentional acts, Plaintiff is entitled to recover punitive and exemplary damages from Defendant as may be permitted under state law, and is entitled to an award of trebled damages and reasonable attorneys fees, pursuant to 15 U.S.C. §1117.

### SECOND CLAIM
(Violation of 15 U.S.C. § 1125(a))

21.     Plaintiff  incorporates, by this reference, the allegations of Paragraphs 3-12, 15 and 16 of this Complaint.

22.     This claim is for false designation of origin or association under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  This Court has subject matter jurisdiction over this claim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§1331 and 1338, in that it arises under Chapter 22 of Title 15 of the United States Code, because it involves violations of 15 U.S.C. § 1125(a), and is a claim under the

federal trademark laws. This Court also has subject matter jurisdiction under 28

U.S.C. §1332, because this is a civil action in which the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs and is between

citizens of different states.

23.   Defendant's above described unauthorized use of a mark confusingly

similar to Plaintiff's **CELEBRATION** trademark, constitutes knowing, willful and

deliberate false designations of origin or association or connection, which are

likely to cause confusion or mistake, or to deceive the public as to the affiliation,

connection or association of Plaintiff with Defendant or its goods, or to falsely

connect or associate Plaintiff as the source, origin, or having sponsorship and/or

approval of Defendant's goods, in violation of § 43(a) of the Lanham Act, 15

U.S.C. § 1125(a).

24.   Defendant's above described acts in violation of 15 U.S.C. § 1125 (a)

are likely to, and have damaged Plaintiff, and have unjustly enriched and profited

and/or will unjustly enrich and profit Defendant in an amount which has not yet

been ascertained.

25.   Defendant's above described actions have left Plaintiff with no

adequate remedy at law, and have caused, and will continue to cause Plaintiff

irreparable damage unless Defendant is preliminarily and permanently enjoined by

this Court.

26.    Plaintiff is informed and believes that Defendant knowingly, willfully and intentionally engaged in the acts described above, with prior knowledge of Plaintiff's use of the Trademark on and for Plaintiff's goods. Thus, Defendant knew, or should have known Defendant's use of "1855 Celebration" or "Celebration", as a mark, for and on its beer, would likely cause confusion as to the true source, or as to Plaintiff's sponsorship or authorization of or association with Defendant's goods, or confusion as to the association of Defendant's goods with Plaintiff. Defendant's knowing use of the infringing mark is also enabling it to knowingly and willfully unfairly capitalize on Plaintiff's goodwill in the Trademark, and unlawfully divert business which would have otherwise been obtained by Plaintiff. Plaintiff is therefore entitled to an award of treble damages and reasonable attorneys fees, pursuant to 15 U.S.C. §1117.

## THIRD CLAIM
(California Statutory and Common Law Unfair Competition)

27.    Plaintiff incorporates by this reference, the allegations of Paragraphs 3-12, 15 and 16 of this Complaint.

28.    This claim is for unfair competition under California statutory and common law. This Court has subject matter jurisdiction over this claim under 28 U.S.C. § 1338(b) because it is a claim for unfair competition, joined and related to claims under the trademark laws of the United States, and also under the principle of supplemental jurisdiction, 28 U.S.C. § 1367(a). This Court also has subject

107253.1

matter jurisdiction under 28 U.S.C. §1332, because this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states.

29.    Defendant's above described acts constitute unfair competition with Plaintiff under California statutory law, including California Business and Professions Code §17200 et. seq., and under common law.

30.    As a direct and proximate result of Defendant's above described wrongful acts, Plaintiff has sustained and/or will sustain injury to its business, reputation, public goodwill and profits, in an amount which cannot be presently ascertained.

31.    Plaintiff is informed and believes, and therefore alleges, that as a further direct and proximate result of Defendant's above described wrongful acts, Defendant intentionally, knowingly, deliberately and unlawfully is diverting and/or will divert business from Plaintiff, and on information and belief is deriving and/or will derive income and profits from its unlawful acts, and has been and will be unjustly enriched in an amount which cannot be determined without an accounting.

32.    Defendant's above described acts have left Plaintiff without an adequate remedy at law. Plaintiff is informed and believes that Defendant's above

described wrongful actions have caused and/or will cause Plaintiff irreparable harm, unless preliminarily and permanently enjoined by an order of this court.

33.    Plaintiff is informed and believes and therefore alleges that Defendant deliberately, knowingly, intentionally and willfully engaged in the above described acts with the intent of interfering with and unfairly trading on Plaintiff's goodwill and misleading purchasers and prospective purchasers into believing that Defendant's goods emanate from or are brewed or distributed by or for Plaintiff, or are sponsored by, associated with, approved by, or are connected with Plaintiff, or that Plaintiff's goods are associated with Defendant, which they are not.

34.    Plaintiff is informed and believes, and therefore alleges, that Defendant's above described acts were intentionally and knowingly done, with malice, for the purpose of oppressing Plaintiff, in conscious disregard of Plaintiff's rights in the Trademark and goodwill associated with the Trademark. Defendant, in performing the above described acts, acted and is acting deceitfully, misrepresenting to the public the true source of Defendant's goods, for the purposes of depriving Plaintiff of rights to the Trademark, diluting Plaintiff's rights by whittling away the distinctiveness of the Trademark, and by unlawfully benefiting from Plaintiff's goodwill in the Trademark, all to unlawfully capitalize on Plaintiff's goodwill in the Trademark, divert sales from Plaintiff to Defendant and to deprive Plaintiff of income it would otherwise have received from sales of its

goods under the Trademark.  Plaintiff is therefore entitled to recover punitive and exemplary damages, as permitted by state law, from Defendant as a result of Defendant's acts of unfair competition.

## FOURTH CLAIM
Trademark Dilution
(California B & P Code § 14330 and Common Law)

35.    Plaintiff hereby  incorporates paragraphs 3-12, 15 and 16 above, by this reference.

36.    This claim is for trademark dilution under California Business and Professions Code § 14330, and under common law.  This Court has subject matter jurisdiction over this claim under its supplemental jurisdiction, 28 U.S.C. §1367. This Court also has subject matter jurisdiction under 28 U.S.C. §1332,  because this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states.

37.    Defendant's above described unauthorized uses of the mark "1855 Celebration",  began over twenty (20) years after Plaintiff began using its **CELEBRATION**  trademark, and after the Trademark became well known to, and recognized by the relevant public and associated with Plaintiff.  Defendant's acts have caused, and will continue to cause, the blurring and whittling away of the exclusivity and distinctiveness of Plaintiff's rights in its **CELEBRATION** trademark, which has been continuously used by Plaintiff for many years.

Defendant's actions are likely to whittle away the effectiveness of the Trademark as a source indicator and lessen the ability of Plaintiff's well known mark to identify and distinguish Plaintiff's goods from the goods of others. Defendant's above described actions will therefore cause dilution of the distinctive quality of the Trademark, in violation of California Business and Professions Code § 14,330 and common law.

38.    Defendant's above described actions have left Plaintiff with no adequate remedy at law and have caused, and will continue to cause Plaintiff irreparable harm, unless preliminarily and permanently enjoined by this Court.

39.    Plaintiff is informed and believes and therefore alleges Defendant began its use of the term "1855 Celebrate" for beer with willful and conscious disregard of Plaintiff's rights in the Trademark, with the knowledge that such use is likely to cause dilution of Plaintiff's **CELEBRATION** Trademark.

40.    Plaintiff is entitled to an injunction to prevent Defendant's further dilution of the Trademark.

WHEREFORE, Plaintiff prays for relief as follows:

1.    That this Court enter judgment in favor of Plaintiff and against Defendant on each of Plaintiff's claims, finding that:

(a)     Plaintiff's federally registered and common law trademark, **CELEBRATION,** is owned by Plaintiff, is valid and enforceable and its Federal registration for the Trademark is incontestable; and

(b)     Defendant has:

       (1)     knowingly, deliberately and willfully infringed Plaintiff's exclusive rights in its federally registered **CELEBRATION** Trademark, under 15 U.S.C. §1114, infringed Plaintiff's common law rights in the Trademark, and diluted the Trademark under California statutory and common law, by intentionally advertising, marketing, distributing, and selling goods in interstate commerce and in California, bearing, in connection with and under a mark which infringes the Trademark;

       (2)     competed unfairly with Plaintiff and violated 15 U.S.C. § 1125(a) as well as California unfair competition statutory law and common law;

       (3)     unjustly enriched itself by infringing and diluting Plaintiff's Trademark and by unfairly competing with Plaintiff;

(4)    with prior knowledge of Plaintiff's incontestable federally registered trademark rights, knowingly, willfully, deliberately and intentionally violated Plaintiff's rights to its federally registered mark **CELEBRATION** and violated 15 U.S.C. § 1125(a), and finding this to be an exceptional case, entitling Plaintiff to trebled damages and attorneys fees, under 15 U.S.C. § 1117; and

(5)    maliciously, fraudulently and for purposes of oppressing Plaintiff, infringed and diluted Plaintiff's **CELEBRATION** Trademark and unfairly competed with Plaintiff, thereby entitling Plaintiff to an award of punitive and exemplary damages, to the extent permitted by California law.

2.    That this Court issue preliminary and permanent injunctions restraining Defendant, its agents, employees, attorneys, officers, servants, and all persons in active concert or participation with any of them, from:

(a)    advertising, offering for sale, distributing, selling and/or marketing any product bearing and/or under the mark "1855 Celebration ", and/or any mark which contains "celebration", or

107253.1                                    16

any mark or name confusingly similar to any of them, or in any

way tends to deceive, mislead or confuse the public or trade

into believing that Defendant's goods originate  from, or are in

any way sponsored or associated with, authorized or sanctioned

by, or connected or affiliated with Plaintiff, or that Plaintiff's

goods emanate from or are sponsored or associated with

Defendant;

(b)    competing unfairly with Plaintiff by using any confusingly

similar variation, copy or simulation of Plaintiff's above

identified **CELEBRATION** trademark in conjunction with the

promotion, advertising, marketing, offering for sale, selling,

and/or distribution of any goods.

(c)    pending a final resolution of this action, modifying in any

manner, discarding, destroying or deleting any written or

electronic documents, records or data recording, referring to,

describing or memorializing the selection, application to

register, manufacture, reproduction, marketing, advertising,

promotion, transfer, sale, distribution and/or delivery of any

goods or labeling or packaging for goods,  bearing "1855

Celebration", and/or any mark confusingly similar to Plaintiff's

above described Trademark,  or that reflect the identity of any

persons to whom Defendant distributed or sold or advertised

goods bearing "1855 Celebration" or revealing Defendant's

knowledge of the Trademark or Plaintiff's **CELEBRATION**

brand ale; and

(d)    assisting, aiding or abetting any other person or business entity

from engaging in or performing any of the above described

acts.

3.    That this Court issue an order requiring  Defendant to recall, from all

distributors, sales representatives, wholesalers, and retailers,

(a)    all goods bearing any label, and all packaging and

advertisements bearing the mark "1855 Celebration".

4.    That the Court issue an order requiring Defendant to file with this

Court and serve on Plaintiff within ten (10) days after service of each injunction

issued by this Court, a report, in writing, and under oath, setting forth in detail the

manner and form in which Defendant has complied with the injunction;

5.    That, pursuant to 15 U.S.C. § 1118 and the principles of equity,  this

Court issue an Order impounding the following materials for the duration of this

action, and that such materials be destroyed as part of a final judgment or decree:

(a)    All copies, labels, signs, prints, packages, wrappers, receptacles and advertisements in the possession of Defendant, bearing:

   (1)    the mark  "1855 Celebration" or any other mark confusingly similar to Plaintiff's **CELEBRATION** trademark;

   (2)    any word, term, name, symbol, device, combination thereof, designation, description or representation that violates Plaintiff's rights in, or is a reproduction or colorable imitation of Plaintiff's **CELEBRATION** trademark;

(b)    All plates, molds, matrices, and  other means of making any of the items identified in the immediately preceding subsection (a).

6.    That Defendant be required to account for and pay over to Plaintiff all gains, profits and advantages realized from the sale of any goods which infringe Plaintiff's **CELEBRATION**  trademark, or otherwise violate 15 U.S.C. § 1125(a) or California statutory or common law unfair competition laws,  or which were otherwise transferred or sold by Defendant, as a result of its above described unlawful actions.

7.     That Defendant be required to pay Plaintiff such damages as Plaintiff has sustained, and all profits and amounts by which Defendant was unjustly enriched, as a consequence of Defendant's acts of trademark infringement, unfair competition, and/or violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §§ 1114 and/or 1125(a), and that such damages awarded under federal law be trebled in the amount of three times the damages sustained by Plaintiff.

8.     That Defendant be required to pay to Plaintiff punitive and exemplary damages as are permitted under California law, as a consequence of Defendant's willful, oppressive or malicious acts of trademark infringement and/or unfair competition.

9.     That  Defendant be required to pay to Plaintiff its costs, expenses and reasonable attorneys' fees incurred by Plaintiff in connection with this action; and

10.     That Plaintiff have such other, further and different relief as this Court deems just and proper.

**FULWIDER PATTON, LLP**

Dated: November _15_, 2005        By: _____

Leonard D. Messinger
Michael D. Eisenberg
Attorneys for Plaintiff
Sierra Nevada Brewing Co.

106401.1

**Int. Cl.: 32**

**Prior U.S. Cls.: 45, 46 and 48**

**Reg. No. 2,123,944**

## United States Patent and Trademark Office

**Registered Dec. 23, 1997**

### TRADEMARK
### PRINCIPAL REGISTER

## CELEBRATION

SIERRA NEVADA BREWING CO. (CALIFOR-
NIA CORPORATION)
1075 EAST 20TH STREET
CHICO, CA 95928

FOR: ALE, IN CLASS 32 (U.S. CLS. 45, 46
AND 48).

FIRST USE 12-0-1981; IN COMMERCE
11-11-1983.

SER. NO. 75-239,943, FILED 2-11-1997.

MARK T. MULLEN, EXAMINING ATTORNEY



# News & Information
*We tell your story to the world.*

| Home | Upload Release | Today's News | Multimedia News | Industry Focus | International | Our Services | Investing Public | About Us | Contact Us |

## Miller Introduces Limited-Edition 1855 Celebration Lager

## America's Oldest Major Brewery Offers Special 150th Anniversary Brew



MILWAUKEE, Nov. 4 /PRNewswire/ -- Miller Brewing Company is introducing a new, limited-edition beer created as part of its ongoing celebration of the company's 150 years of American brewing heritage.

The commemorative 1855 Celebration Lager, a full-flavored golden lager that will be available on a limited-edition basis throughout November and December, is a special, hand-crafted brew indicative of Miller's long devotion to founder Frederick J. Miller's vision of "quality, uncompromising and unchanging."

"Miller's 150th anniversary has been a time of reflection for our company, to recognize and celebrate the principles and spirit that have brought us to where we are today, and to carry them into the future," said Miller president and CEO Norman Adami. "Frederick Miller created the first 'Miller Time' when he sold his first barrel of beer in the fall of 1855, and we invite America's beer drinkers to join us for a toast of that historic moment with this great beer honoring our founder's vision."

The 1855 Celebration Lager's creamy white head, pleasing malt aroma and subtle, distinctive taste exemplifies the care and craftsmanship in which Miller has taken such great pride since the brewery's inception. The brew will be available nationally in 6-pack bottles and 24 loose bottle cases beginning in November, and will be supported with television advertising, point-of-sale materials and unique packaging. Miami-based Crispin Porter Bogusky developed the advertising for 1855 Celebration Lager.

"We've said it again and again this year -- a milestone of this magnitude calls for something more," Adami said. "And as the brewery that always strives to deliver 'more' -- more color, more aroma, more taste, more character in our beers -- we couldn't be more excited to offer the 1855 Celebration Lager to beer drinkers who want more from their beer."

Milwaukee-based Miller Brewing Company is the oldest major brewer in America, celebrating its 150th anniversary in 2005. Miller is a wholly owned subsidiary of SABMiller plc, one of the world's largest brewers. Miller's principal beer brands are Miller Lite, Miller Genuine Draft and Miller High Life. The company imports Pilsner Urquell, Peroni Nastro Azzurro and Foster's and has craft brews Leinenkugel's and Henry Weinhard's. Its portfolio of brands also includes Milwaukee's Best and Sharp's, a non-alcohol brew. Miller produces Icehouse from the Plank Road Brewery, a small division of Miller; Olde English 800; and Mickey's Malt Liquor. More information about Miller Brewing Company is available at the company's corporate web site, http://www.millerbrewing.com/ .

Website: http://www.millerbrewing.com/

Issuers of news releases and not PR Newswire are solely responsible for the accuracy of the content.
Terms and conditions, including restrictions on redistribution, apply.

Copyright © 1996-2003 PR Newswire Association LLC. All Rights Reserved.
A United Business Media company.

icrossing

Page 22
Exhibit B
Page 1 of 2